UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
- - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

Plaintiff,      v.

No. 2:24-CR-17

KENDALL ORMOND LONDON, Jr.,

Defendant.

Hon. ROBERT J. JONKER
U.S. District Judge

_____/

## PLEA AGREEMENT

This constitutes the plea agreement between Kendall Ormond London, Jr. and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1. <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to the Indictment, charging him with engaging in a conspiracy to commit money laundering, in violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i).

2. <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i), the following must be true: (1) two or more people conspired, or agreed, to commit the crime of money laundering, and (2) Defendant knowingly and voluntarily joined that agreement. Defendant is pleading guilty because Defendant is guilty of the charge described above.

3.    <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 1956(h) and 1956(a)(1)(B)(i), is the following:

| | |
|---|---|
| **Maximum Incarceration:** | 20 Years |
| **Maximum Fine:** | $500,000 |
| **Maximum Supervised Release:** | 3 Years |
| **Special Assessment:** | $100 |

4.    <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

a.    <u>Assessment</u>. Defendant agrees to pay the special assessment on the day of sentencing.

b.    <u>Restitution</u>. Defendant acknowledges the Court will order restitution as required by law. Defendant agrees to pay restitution for losses to all victims, including victims of the count of conviction, the parents of Victim 1 identified in the indictment, and victims of uncharged relevant conduct in which Defendant has been involved. Pursuant to Title 18, United States Code, Sections 3663(a)(3), 3663A(a)(3), and (c)(2), Defendant specifically agrees to pay restitution in the amount of $39,627.36 to John DeMay and $5,796.42 to Jennifer Buta, in addition to any other restitution that may be ordered in this case. The Court will determine the final amount of restitution at sentencing.

c.    <u>Financial Cooperation</u>. Defendant also:

i.    agrees to fully and truthfully complete and return the financial

-2-

disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

   ii. agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

   iii. agrees that prior to sentencing he will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

   5.    <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if he violates one or more of the conditions of any supervised release -imposed, he may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

   6.    <u>Asset Forfeiture and Financial Accountability</u>. Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets pursuant to Title 18, United States Code, Section 982(a)(1), regarding any property, real or personal, involved in the money laundering offense, and any property traceable to such property.

7.    <u>Money Judgment</u>. Defendant agrees to forfeit to the United States the sum of $27,462.00, which is a portion of the personal property involved in the offense that Defendant obtained for his role in, and as a result of his involvement in, the offense charged in the Indictment. Defendant consents to the forfeiture of substitute property pursuant to 21 U.S.C. § 853(p). Defendant acknowledges that the proceeds he obtained, directly or indirectly from his money laundering, were spent and commingled with his other funds. As such, Defendant agrees that his criminal proceeds have been commingled with other property which cannot be divided without difficulty.

The parties further agree that Defendant should receive credit against the forfeiture money judgment sought by the United States for all funds he pays as restitution with the Clerk of the Court prior to the time of sentencing. Accordingly, for all funds Defendant deposits with the Clerk of the Court as restitution prior to sentencing, the Government will move for a commensurate reduction in his forfeiture money judgment.

8.    <u>Factual Basis of Guilt</u>. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing: Between early 2021 and extending into April 2022, affecting victims in Marquette, Michigan, and elsewhere, Defendant participated in a conspiracy to launder money, which money he knew to constitute fraud proceeds. Defendant was introduced by Jarell Williams to someone he came to know as the "Plug." Defendant received money from victims of an extortion scheme. He then kept

between 10% to 15% of those funds and sent the rest to the Plug. Defendant knew those victims were being defrauded and Defendant knew he was laundering the money to obscure the identity of the Plug.

9.    Acceptance of Responsibility. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of his offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

10.    Cooperation in Criminal Investigations. Defendant agrees to fully cooperate with the Federal Bureau of Investigation, the U.S. Attorney's Office, and any other law enforcement agency in their investigation of the charges contained in the Indictment, as well as the investigation of crimes over which they have actual or apparent jurisdiction. Defendant's cooperation will consist of all steps needed to uncover and prosecute such crimes, including, but not limited to, providing investigators with a full, complete and truthful statement concerning Defendant's knowledge of any and all criminal activity of which he is aware; truthfully answering investigators' questions; meeting with prosecutors before testifying; truthfully testifying before grand juries and in any court proceedings; and providing all relevant tangible evidence in Defendant's possession or under Defendant's control, including,

but not limited to, objects, documents, and photographs. Defendant's obligation to cooperate under this paragraph is an affirmative one and includes the obligation to voluntarily come forward with any and all information which Defendant should reasonably know will assist in the investigation of other criminal activity. Defendant will not commit any criminal offense during the course of his cooperation with the United States. Defendant will submit to polygraph examination(s) upon request. Defendant's obligation under this paragraph is a continuing one, and shall continue after sentencing until all investigations and prosecutions in which Defendant's cooperation is deemed relevant by the U.S. Attorney's Office have been completed.

11.    Protection for the Proffered/Cooperative Statements. The U.S. Attorney's Office agrees that information provided by Defendant through Defendant's proffer(s), and any information provided pursuant to Defendant's promise to cooperate as described in this agreement, will not be used by the Government to enhance Defendant's sentence, in accordance with Sentencing Guidelines § 1B1.8, and according to the terms of the written agreement entered into between the parties immediately prior to the proffer(s). It is expressly understood, however, that such information may be used by the Government at sentencing if Defendant takes a position at sentencing that contradicts information provided by Defendant pursuant to this agreement or any proffer agreement.

12.    Possibility of Sentence Reduction Motions.  The U.S. Attorney's Office will decide whether to file a motion for departure or reduction of sentence pursuant to Sentencing Guidelines § 5K1.1, 18 U.S.C. § 3553(e), and/or Rule 35(b) of the Federal Rules of Criminal Procedure. Defendant fully understands that such a motion may be

made pursuant to law if, and only if, Defendant fully cooperates with the Government and materially and substantially assists the Government in the investigation or prosecution of others. The determinations of whether Defendant has provided substantial assistance to the United States, or to designated state or local law enforcement authorities, and of which type of motion to file, will be made in the sole discretion of the U.S. Attorney's Office. Defendant fully understands that this paragraph is not a promise by the Government to file a motion for departure or to reduce a sentence. Additionally, Defendant understands that, even if such a motion were filed, the Court has complete discretion to grant or deny the motion. Furthermore, if the Court were to grant the motion, the Court, not the government, would decide how much of a departure or sentence reduction Defendant receives based upon the nature and extent of Defendant's assistance. Defendant acknowledges and agrees that he may not appeal the Court's exercise of its discretion in granting or denying a motion for departure or reduction of sentence, if such a motion is made.

13.   <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (Guidelines) are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of

the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

14.     <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

15.     <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

   a.     The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

   b.     The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

   c.     The right to confront and cross-examine witnesses against Defendant.

d.     The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

e.     The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

f.     By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

16.     <u>Waiver of Appellate Rights</u>. Defendant gives up his right to directly appeal his conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

17.     <u>FOIA Requests</u>. Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

18.     <u>Hyde Waiver</u>. Defendant acknowledges, by his voluntary admission of guilt, that the position of the U.S. Attorney's Office in this case is not vexatious, frivolous, or in bad faith, and Defendant hereby disclaims and waives any right to make any claim for attorney fees.

19.    <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw his guilty plea, and he will remain bound to fulfill all of his obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

20.    <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

21.    <u>Consequences of Breach</u>. If Defendant breaches any provision of this agreement, including any promise of cooperation, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement. In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed. In such an event, Defendant shall remain liable for

prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant. Defendant further agrees to waive and forever give up his right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

22.    <u>This is the Complete Agreement</u>. This agreement has been entered into by both sides freely, knowingly, and voluntarily, and it incorporates the complete understanding between the parties. No other promises have been made, nor may any additional agreements, understandings or conditions be entered into unless in a writing signed by all parties or on the record in open court.

**UNITED STATES v. KENDALL ORMOND LONDON, Jr.**

ANDREW BYERLY BIRGE
Acting United States Attorney

_____3/17/25_____                        _____
Date

DANIEL Y. MEKARU
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

-11-

2-16-25

Date

KENDALL ORMOND LONDON, Jr.
Defendant

    I am Kendall Ormond London, Jr.'s attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

3/16/25

Date

J. ALLEN FIORLETTA
Attorney for Defendant

-12-